IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LAREÑOS EN DEFENSA DEL PATRIMONIO HISTORICO, INC., *et. al.*,<br><br>**Plaintiffs**,<br><br>v.<br><br>MUNICIPALITY OF LARES, *et. al.*,<br><br>**Defendants**. | CIVIL NO. 11-1880 (FAB) |

**OPINION AND ORDER**[1]

BESOSA, District Judge.

Before the Court is a Report & Recommendation ("R&R") issued by Magistrate Judge Velez-Rive on June 29, 2012. (Docket No. 32.) The R&R recommends that defendant Roberto Pagan-Centeno's ("Pagan") motion to dismiss all of plaintiffs'[2] claims pursuant to Federal Rule of Civil Procedure 12(b)(6) be **DENIED**. (Docket No. 9.) Defendant filed objections to the R&R on July 30, 2012. (Docket No. 36.) After reviewing the R&R, the Court **ADOPTS** the R&R **IN**

---

[1] Justin Rowinsky, a second-year student at the Georgetown University Law Center, assisted in the preparation of this Opinion and Order.

[2] Plaintiffs are: Yamil Guzman-Gonzalez, Alma Irizarry-Toledo, Edwin Vera-Muñoz, Gabriela Vargas-Quiñones, Maria M. Irizarry, Diego Torres-Delgado, Margaret G. Rego, Jose Ruiz-Santiago, Lillian Perez-Toledo and the non-profit corporation Lareños en Defensa del Patrimonio Historico, Inc.

**PART**.  Defendant Pagan's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.

## I. Background

### A. Factual History

Plaintiffs filed a complaint on September 6, 2011, against defendant Roberto Pagan Centeno ("defendant") in his personal and official capacity as the Mayor of Lares, and against the Municipality of Lares (collectively, "defendants").  (Docket No. 1 at ¶¶ 11-12.)  Plaintiffs seek damages and injunctive relief pursuant to 42 U.S.C. § 1983 for defendants' alleged violations of plaintiffs' First, Fifth, and Fourteenth Amendment rights.  Id. at p. 1.  Plaintiffs also allege that the defendants violated Sections 1, 4, 6 and 7 of Article II of the Puerto Rico Constitution, and Article 1802 of the Civil Code, P.R.Laws Ann. tit. 31 sec. 5141.  Id. at ¶ 1.

The Court declines to rehash the entire factual record, and highlights only the relevant facts.  Simply put, plaintiffs opposed defendant Pagan's plan to change Lares's motto from "La Ciudad del Grito" ("City of the Uprising"), a historical reference to the September 23, 1868 revolt against the Kingdom of Spain, to "Lares, Ciudad de los Cielos Abiertos" ("Lares, the City of Open Skies").  Id. at ¶¶ 6-8, 12.  Plaintiffs began "expressing their opposition" to the proposed change, and their complaint focuses on

Civil No. 11-1880 (FAB)                                                        3

two specific incidents that they allege were the result of defendant's actions.

First, plaintiffs attempted to express their opinion in a public square, Plaza de la Revolucion ("Revolution Square"), during a march on September 12, 2010. Id. at ¶¶ 20-21. Revolution Square is "a traditional place of public expression," and has been used by citizens "for decades" to express "all sorts of political, social, [and] religious" views. Id. at ¶ 21. Plaintiffs' request to use Revolution Square was denied, allegedly because another group had requested to use the square on that day. Id. at ¶¶ 24, 26. That reason was apparently "false," however, because "no other group or persons held an activity at [Revolution] [S]quare" on September 12, 2010. Id. at ¶¶ 27, 29. Plaintiffs aver "upon [their] information and belief" (1) that "they were denied the use of [Revolution] [S]quare pursuant to" defendant Pagan's instructions, and (2) that Lares "does not have a set of rules and regulations . . . regarding the use of the public squares and public locations of the Municipality." Id. at ¶¶ 28, 31.

Second, plaintiffs attempted to "express their support" of the original Lares motto by riding a float in a parade held on November 28, 2010. Id. at ¶¶ 38-39. Plaintiffs' request to ride in the parade was denied, allegedly because all floats needed to be "prepared with decorations and motives [sic] of the upcoming

Civil No. 11-1880 (FAB)                                                 4

Christmas Season." Id. at ¶ 41. Plaintiffs attempted to comply by adding poinsettias[3] (a traditional Christmas flower decoration) to their float, but were denied permission again. Id. at ¶¶ 42-43. Plaintiffs nonetheless attempted to enter the parade but Lares police agents immediately arrived, surrounded the float and "restricted the liberty of the drivers of the parade and of other participant Plaintiffs impeding their movement and restricting their liberty." Id. at ¶¶ 47-49. Plaintiffs again aver upon their "information and belief" (1) that the actions of the police "were acts undertaken upon the express or tacit instructions" of defendant Pagan, and (2) that Lares does not have "any policies, rules, or regulations, nor legally valid criteria to determine who can . . . participate in parades sponsored by the municipality." Id. at ¶ 45, 57.

**B.   Procedural Background**

Defendant Pagan, in his personal capacity, filed a motion to dismiss plaintiffs' complaint pursuant to Rule 12(b)(6) on October 31, 2011, for plaintiffs' failure to state a claim entitling them to relief. (Docket No. 9 at ¶ 2.) Defendant also raises the affirmative defense of qualified immunity. Id. Plaintiffs filed an opposition on February 23, 2012. (Docket

---

[3] Known in Puerto Rico as "pascuas".

Civil No. 11-1880 (FAB)                                                  5

No. 22.)  Magistrate Judge Velez-Rive's R&R focused solely on plaintiffs' First Amendment complaint, and recommends denying defendant's motion to dismiss because:  (1) plaintiffs had met the 12(b)(6) pleading threshold, and (2) defendant is not entitled to qualified immunity because a reasonable person in defendant's position would have known that his actions violated clearly established law.  Id. at pp. 19-20, 22.  The R&R did not address plaintiffs' Fifth Amendment, Fourteenth Amendment or Commonwealth claims.  The Court granted the defendant Pagan's motion for an extension of time in which to file objections, (Docket No. 34), and defendant Pagan filed objections to the R&R on July 30, 2012. (Docket No. 36.)

　　　　Defendant Pagan raises a number of objections to the R&R. First, he contends that the R&R improperly "took into consideration matters outside the pleadings," because of the procedural posture of the case.  (Docket No. 36 at ¶ 5.)  Defendant Pagan also objects to plaintiffs' use of "upon their information and belief," stating that "this is not enough to establish the element of causation required in Section 1983."  Id. at ¶ 7.  Defendant Pagan noted that the R&R declined to address plaintiffs' Fifth and Fourteenth Amendment claims, and re-stated his request for qualified immunity because he "is immune from suit when performing this judicial or quasi judicial function."  Id. at ¶¶ 9-10.

Civil No. 11-1880 (FAB)                                                                 6

**II. Legal Standards**

    **A.    Referral pursuant to 28 U.S.C. § 636(b)(1)**

A district court may refer a case to a magistrate judge for a report and recommendation. See 28 U.S.C. § 636(b)(1)(B) (2012); Fed.R.Civ.P. 72(b); Loc. Rule 72(b). Any party adversely affected by the report and recommendation may file written objections within fourteen days of being served with the magistrate judge's report. See 28 U.S.C. § 636(b)(1) (2012); Loc. Rule 72(d). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." Sylva v. Culebra Dive Shop, 389 F.Supp.2d 189, 191-92 (D.P.R. 2005) (citing United States v. Raddatz, 447 U.S. 667, 673 (1980)). Failure to comply with this rule precludes further review. See Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992). Furthermore, the objecting party must put forth more than "[c]onclusory objections that do not direct the reviewing court to the issues in controversy." Velez-Padro v. Thermo King de Puerto Rico, Inc., 465 F.3d 31, 32 (1st Cir. 2006).

In conducting its review, the court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(a)(b)(1) (2012); Templeman v. Chris Craft Corp., 770 F.2d 245, 247

Civil No. 11-1880 (FAB)                                                     7

(1st Cir. 1985); Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc., 286 F.Supp.2d 144, 146 (D.P.R. 2003).  The Court may also accept those parts of the report and recommendation to which the parties do not object.  See Hernandez-Mejias v. Gen. Elec., 428 F.Supp.2d 4, 6 (D.P.R. 2005) (citing Lacedra v. Donald W. Wyatt Detention Facility, 334 F.Supp.2d 114, 125-126 (D.R.I. 2004)).

    **B.   Rule 12(b)(6) Motion to Dismiss**

        Pursuant to Rule 12(b)(6), a court can dismiss a complaint that fails to state a claim upon which relief can be granted.  When assessing whether the plaintiff's complaint provides "fair notice to the defendants" and states "a facially plausible legal claim," the Court must utilize a two-pronged approach.  See Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 11-12 (1st Cir. 2011).  First, the Court can disregard statements that "offer legal conclusions couched as fact," because the plaintiff must do more than "parrot the elements of the cause of action."  Id. at 12.  Then, the Court is bound to treat all "properly pled factual allegations" as true and draw all reasonable inferences in the plaintiffs' favor.  Id.  The Court must base its determination solely on the material submitted as part of the complaint and expressly incorporated within it, unless the motion is converted to one for summary judgment.  See Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001).

Civil No. 11-1880 (FAB)                                                  8

The pled factual material must be sufficient "to raise a right to relief above the speculative level," and to permit the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The Supreme Court has held that the plaintiff's pleading must cross "the line between possibility and plausibility." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 577 (2007). The Court should not attempt to forecast the likelihood of success even if proving the alleged facts is "improbable." Id. at 556. Therefore, a complaint that contains a plausible basis for relief "may proceed even if it appears that a recovery is very remote and unlikely." Id. at 556 (internal citation omitted). The Court will draw "on its judicial experience and common sense" in evaluating a complaint's plausibility. Grajales v. Puerto Rico Ports Authority, 682 F.3d 40, 44 (1st Cir. 2012) (internal citation omitted).

    **C.**    **Section 1983 Claims**

Pursuant to 42 U.S.C. § 1983, a party may bring a lawsuit against state officials "acting under color of state law" who violate constitutional provisions or federal law. Elena v. Municipality of San Juan, 677 F.3d 1, 10 (1st Cir. 2012). Puerto Rico is considered a state for the purposes of section 1983 claims.

See, e.g., id. (citing Deniz v. Muncipality of Guaynabo, 285 F.3d 142, 146 (1st Cir. 2002)).

### D.  **Qualified Immunity**

Qualified immunity is an affirmative defense that functions as "a shield against unwarranted charges that the official violated the Constitution in the course of performing the functions of the office." Garnier v. Rodriguez, 506 F.3d 22, 26 (1st Cir. 2007) (internal citation omitted). Qualified immunity can be raised at the motion to dismiss stage, "lest unwarranted lawsuits impede the proper functioning of government." Id.; see also Pearson v. Callahan, 555 U.S. 223, 231 (2009) (holding that qualified immunity is available to "ensure that insubstantial claims against government officials [will] be resolved prior to discovery.") (internal quotation omitted).

The Court utilizes a two-part test when evaluating a defendant's claim of qualified immunity. See, e.g., Maldonado v. Fontanes, 568 F.3d 263, 269 (1st Cir. 2009) (citing Pearson, 555 U.S. at 232). The Court must determine: "(1) whether the facts alleged or shown by the plaintiff make out a violation of a constitutional right; and (2) if so, whether that right was clearly established at the time of the defendant's violation." Maldonado, 568 F.3d at 269 (internal quotation omitted). When the Court evaluates the second prong, whether the right was clearly

Civil No. 11-1880 (FAB)                                              10

established, it considers two additional factors:  (1) the clarity of the law at the time of the alleged civil rights violation, and (2) whether a reasonable defendant would have understood that his conduct violated the plaintiffs' constitutional rights.  See id. ("That is, the salient question is whether the state of the law at the time of the alleged violation gave the defendant fair warning that his particular conduct was unconstitutional.").  The Supreme Court has stated that the doctrine of qualified immunity "protects all state actors except the plainly incompetent [and] those who knowingly violate the law."  Haley v. City of Boston, 657 F.3d 39, 47 (1st Cir. 2011) (citing Malley v. Briggs, 475 U.S. 223, 231 (2009)).

**IV. Discussion**

Defendant Pagan's motion to dismiss encompasses all of plaintiffs' claims against him in his personal capacity only. Although the R&R focuses solely on plaintiffs' First Amendment claim, the Court will address whether the plaintiffs' claims pursuant to the First, Fifth and Fourteenth Amendments of the United States Constitution meet the 12(b)(6) threshold, and if so,

Civil No. 11-1880 (FAB)                                                11
_____

whether defendant is entitled to qualified immunity.[4]  Although defendant objects to the use of material outside of plaintiffs' pleading, the Court will rely solely on plaintiffs' complaint in the following analysis.

### A.    First Amendment

Plaintiffs allege that defendant violated the First Amendment because he allegedly denied plaintiffs the use of Revolution Square on September 12, 2010, and denied them entry into the parade on November 28, 2010, based on the content of their speech.  Defendant moves to dismiss pursuant to Rule 12(b)(6) and the doctrine of qualified immunity.  The R&R recommends **DENYING** defendant's motion to dismiss and claim of qualified immunity with respect to plaintiffs' First Amendment claims, and the Court agrees.

---

[4] Plaintiffs also allege that defendant Pagan violated various Commonwealth laws and sections of the Puerto Rico Constitution. (Docket No. 1 at ¶ 1.)  Defendant's motion to dismiss did not address the substantive merits of plaintiffs' claims pursuant to Commonwealth law, but instead stated that the Court should decline to exercise supplemental jurisdiction if no other federal claims remain.  (Docket No. 9 at ¶ 39.)  Because the Court **DENIES** the defendant's motion to dismiss plaintiffs' First Amendment claim, there is "at least one substantial federal claim in the lawsuit," and the Court retains supplemental jurisdiction over the Commonwealth claims. Newman v. Burgin, 930 F.2d 955, 963 (1st Cir. 1991).

Civil No. 11-1880 (FAB)                                                    12

    **i.   12(b)(6) Threshold**

Defendant Pagan contends that the plaintiffs' complaint fails to affirmatively link him in his personal capacity to any alleged violation of their First Amendment rights. The R&R rejects this argument and determines that plaintiffs' claims plausibly link defendant to the allegations. (Docket No. 32 at 19.) The Court must draw all reasonable inferences in the plaintiffs' favor, and accept their pled facts as true.

Plaintiffs use the phrase "upon their information and belief" numerous times in their complaint, a technique that has been approved of by at least one federal appellate court. See Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010) (noting that a plaintiff can plead "facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant"). In this case, only defendant Pagan knows whether he had an affirmative role in denying the plaintiffs' two attempts to express their opinions, and whether he did so on the basis of the content of their message. See id. (noting that the complaint must "raise a reasonable expectation that discovery will reveal evidence of illegality") (citing Twombly, 550 U.S. at 556).

The R&R thoroughly cites relevant precedent to establish that if the defendant denied plaintiffs' requests based

Civil No. 11-1880 (FAB)                                                    13

on the content of their message (drawing all reasonable inferences in the plaintiffs' favor), he violated the First Amendment. Public squares are traditionally places of First Amendment-protected expression, and only time, place and manner restrictions are constitutionally permitted. See, e.g., Clark v. Cmty. for Creative Non-Violence, 468 U.S. 288, 293 (1984). Parades receive similar First Amendment protection. See, e.g., Hurley v. Irish-American Gay, Lesbian and Bisexual Group of Boston, 515 U.S. 557, 568 (1995) (stating that "[p]arades are thus a form of expression," and that there is an "inherent expressiveness of marching to make a point"). It is reasonable and plausible that defendant Pagan had a direct role in denying plaintiffs' use of Revolution Square and entry into the parade. It is also plausible that defendant did so because plaintiffs were advocating against defendant's attempt to change the Lares motto. Because there is "a reasonable expectation that discovery will reveal evidence" that the defendant violated plaintiffs' First Amendment rights, plaintiffs' complaint meets the required 12(b)(6) threshold. Grajales, 682 F.3d at 49. Defendant's motion to dismiss plaintiffs' First Amendment claim is **DENIED**.

      **ii.  Qualified Immunity**

Defendant argues in the alternative that he is entitled to qualified immunity on plaintiffs' First Amendment

Civil No. 11-1880 (FAB)                                                        14
_____

claim.  The R&R correctly disagrees.  The Court will evaluate defendant's claim using the required two-part test.

### a. Whether Plaintiff's Allegations Constitute a Constitutional Violation

Both the R&R's thorough analysis and the Court's brief discussion above are applicable here.  Because the Court must consider all of plaintiffs' factual allegations as true, and draw all reasonable inferences in their favor, their complaint sufficiently alleges that the defendant plausibly violated plaintiffs' First Amendment rights.

### b. Whether the Plaintiffs' Right was Clearly Established

The second prong of the test for qualified immunity requires the Court to determine whether the plaintiffs' First Amendment rights were clearly established at the time the defendant allegedly violated them.  The First Amendment protection of speech in public fora from content-based restrictions (unless narrowly drawn to serve a compelling government interest) was clearly established years before the Fall of 2010 when the defendant's alleged violations took place.[5]  See, e.g., Perry Educ. Ass'n. v. Perry Local Educators' Ass'n., 460 U.S. 37, 66 (1983).

---

[5] It is also axiomatic that the First Amendment is equally applicable to the states.  See, e.g., Everson v. Bd. of Ewing Tp., 330 U.S. 1, 7 (1947).

Civil No. 11-1880 (FAB)                                                    15

More recently, the First Circuit Court of Appeals unequivocally stated that the First Amendment "demands that the state not suppress speech where the real rationale for the restriction is disagreement with the underlying ideology or perspective that the speech expresses." Ridley v. Massachusetts Bay Transp. Auth., 390 F.3d 65, 82 (1st Cir. 2004). Therefore, First Amendment law was clear and unambiguous at the time of the defendant's alleged violations of plaintiffs' First Amendment rights. In addition, any reasonable mayor in the defendant's position would have similarly understood that denying access to a public forum based on a disagreement with the content of the message violated the First Amendment. The ample precedent sufficiently "gave the defendant fair warning that his particular conduct was unconstitutional." Maldonado, 568 F.3d at 269. Based on the current procedural posture of the case, the Court **DENIES** defendant's qualified immunity defense.

    **B.**    **Fifth Amendment**

Plaintiffs allege that defendant violated their Fifth Amendment rights. (Docket No. 1 at ¶¶ 1, 54.) The Fifth Amendment, however, "applies only to actions of the federal government-not to those of state or local governments." Martinez-Rivera v. Sanchez-Ramos, 498 F.3d 3, 8 (1st Cir. 2007) (internal citation omitted); see also Dusenbery v. United States, 534 U.S.

Civil No. 11-1880 (FAB)                                                    16

161, 167 (2002) (contrasting the Fifth Amendment, which "prohibits *the United States*" from violating a citizen's due process rights, with the Fourteenth Amendment, which "prohibits *the States*" from doing the same) (emphasis added). Because plaintiffs did not include any federal defendants in their complaint, defendant's motion to dismiss with respect to the Fifth Amendment claim is **GRANTED**, and his qualified immunity defense on this specific claim is **MOOT**.

### C. Fourteenth Amendment

The due process clause of the Fourteenth Amendment provides both procedural and substantive rights to Puerto Rico citizens. See, e.g., Gonzalez-Fuentes v. Molina, 607 F.3d 864, 879 (1st Cir. 2010). Plaintiffs' complaint simply alleges that the defendant violated the Fourteenth Amendment. (Docket No. 1 at ¶¶ 52, 54.) Because the Court must draw all reasonable inferences in plaintiffs' favor, it will address whether plaintiffs have sufficiently pled enough to meet the 12(b)(6) threshold for both a procedural due process violation and a substantive due process violation, and if so, whether defendant Pagan is entitled to qualified immunity.

#### i. Procedural Due Process

Plaintiffs have not identified any property interest of which they were deprived in violation of their procedural due

Civil No. 11-1880 (FAB)                                                 17

process rights, but instead claim that the Lares police illegally restricted plaintiffs' liberty on defendant Pagan's instructions. (Docket No. 1 at ¶ 54.)  Because the "federal due process clause provides procedural protections for state-created substantive liberty interests," the Court must determine whether a previously enumerated liberty interest of plaintiffs was violated. Rogers v. Okin, 738 F.2d 1, 5 (1st Cir. 1984).

The Court has not found any precedent that would entitle plaintiffs to relief based on defendant's alleged brief restriction of their liberty.  Cases involving a *liberty* procedural due process violation focus on specific categories of plaintiffs. See Rogers, 738 F.2d at 6, 7 (recognizing a liberty procedural due process claim involving the involuntary commitment of mental patients); Torres v. Superintendent of Police of Puerto Rico, 893 F.2d 404, 410 (1st Cir. 1990) (recognizing a liberty procedural due process claim for malicious prosecution); Nolan v. Scafati, 430 F.2d 548, 549 (1st Cir. 1970) (recognizing a liberty procedural due process claim for a state prison inmate).  Based on this lack of precedent, state action that briefly restricted the liberty of a civilian does not rise to the level of a procedural due process violation.  Defendant's motion to dismiss plaintiffs' Fourteenth Amendment procedural due process claim is **GRANTED,** and defendant's request for qualified immunity on this claim is **MOOT.**

Civil No. 11-1880 (FAB)                                             18

### ii. Substantive Due Process

When an executive official's (such as a mayor) actions are challenged as violating substantive due process, the Court must determine "whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." Gonzalez-Fuentes, 607 F.3d at 880 (quoting Cnty. of Sacramento v. Lewis, 523 U.S. 833, 847 n. 8 (1998)). Descriptions of this test "often descend into a morass of adjectives that are as nebulous as they are pejorative," id., such as "arbitrary and capricious," and actions that "appear shocking or violative of universal standards of decency." Amsden v. Moran, 904 F.2d 748, 753-54 (1st Cir. 1990) (internal citations omitted). The First Circuit Court of Appeals has recently characterized the Supreme Court as "firm in its reluctance to expand the doctrine of substantive due process." Maldonado, 568 F.3d at 273.

Applying those varied descriptions to this case, plaintiffs have failed to plead enough to withstand defendant's motion to dismiss. Even accepting all of their facts as true and drawing all reasonable inferences in their favor, a substantive due process claim appears to rest on the restriction of plaintiffs' liberty as they attempted to enter the November 28, 2010 parade with their float. The Lares police "restricted the liberty" of the

Civil No. 11-1880 (FAB)                                              19

drivers of the float, and other plaintiffs who were walking near the float and also attempting to enter the parade. Even if plaintiffs' liberty was in fact restricted, the pled allegations do not rise of the level of shocking the Court's conscience. Therefore, plaintiffs have failed to state a claim of a substance due process violation upon which relief can be granted.

Alternatively, the Court notes that the Maldonado court granted a defendant mayor's motion for qualified immunity on a claimed violation of substantive due process. Maldonado, 568 F.3d at 273-74. The Maldonado court cited the fact that "the complaint does not allege that the *Mayor was personally involved in any conscience-shocking conduct*." Id. at 274 (emphasis added). Because section 1983 claims require an affirmative link between the defendant and the alleged constitutional violations, the mayor's absence from the alleged mass killing of dogs and cats in the Maldonado case was sufficient to grant him qualified immunity. Id. Similarly, plaintiffs in this case allege that the responsible actors for the alleged liberty violations were the Lares police, not defendant Pagan himself. (Docket No. 1 at ¶¶ 48-51.) Plaintiffs allege that the police denied the plaintiffs' entry into the parade on the "express or tacit instructions of the mayor," but those alleged instructions are only material to plaintiffs' First Amendment claim. The complaint does not allege that defendant

Civil No. 11-1880 (FAB)                                                  20

Pagan specified how the police were to act, or that he was affirmatively linked to the police's actions in allegedly restricting plaintiffs' liberty.

Based on both a failure to pass the plausibility threshold required by Rule 12(b)(6) and a failure to link defendant Pagan affirmatively to the restriction of plaintiffs' liberty, defendant Pagan's motion to dismiss plaintiff's Fourteenth Amendment substantive due process claim is **GRANTED**. Defendant's request for qualified immunity on this claim is **MOOT**.

## V. Conclusion

For the reasons discussed above, the Court **ADOPTS** the R&R **IN PART**. Defendant's motion to dismiss plaintiffs' First Amendment claim and Commonwealth law claims is **DENIED,** and defendant's motion to dismiss plaintiffs' Fifth and Fourteenth Amendment claims is **GRANTED.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, August 6, 2012.

                                         s/ Francisco A. Besosa
                                         FRANCISCO A. BESOSA
                                         UNITED STATES DISTRICT JUDGE