IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LAREÑOS EN DEFENSA DEL
PATRIMONIO HISTORICO, INC., et als.,

Plaintiffs,

v.

CIVIL NO. 11-1880 (FAB)

MUNICIPALITY OF LARES, et als.,

Defendants.

## REPORT AND RECOMMENDATION

## INTRODUCTION

Plaintiff corporation Lareños en Defensa del Patrimonio Histórico, Inc., a non-profit corporation, (hereafter "plaintiff corporation") and individual plaintiffs, Yamil Guzmán-González, Alma Irizarry-Toledo, Edwin Vera-Muñoz, Gabriela Vargas-Quiñones, María M. Irizarry, Diego Torres-Delgado, Margaret G. Rego, José Ruiz-Santiago and Lilliam Pérez-Toledo (hereafter collectively referred as "plaintiffs") filed a federal complaint against defendants the Municipality of Lares and its Mayor Roberto Pagán-Centeno, in his official and personal capacity  (hereafter "Municipality of Lares" and/or "Mayor Pagán-Centeno" and/or "defendants" as applicable).  (Docket No. 1).

Plaintiffs filed federal claims against defendants Mayor Pagán-Centeno, in his personal and official capacity, as the Mayor of Lares, and against the Municipality of Lares for alleged violations of their constitutional and civil rights under the First, Fifth and Fourteenth Amendment of the United States Constitution and Section 1983, as well as for supplemental claims under the Constitution and state laws of the Commonwealth of Puerto

Lareños en Defensa del Patrimonio Histórico, Inc., et al.
v. Municipality of Lares, et al.
Civil No. 11-1880 (FAB/CVR)
Report and Recommendation
Page No. 2

Rico.[1] Plaintiffs' claims are grounded on defendants having denied them permit to use the town square (Plaza de la Revolución) for a cultural event in September 12, 2010 and afterwards also denying their participation in a parade on November 28, 2010 with the use of a float as part of the Christmas' parade of the town of Lares as a prior restraint to their freedom of speech and expression. Defendants' denial of plaintiffs' requests to express themselves was allegedly based in a dispute as to historical/political reference regarding the event of September 23 revolt and Mayor Pagán-Centeno's previous attempt to change the town's motto to suppress any reference to such historical event which plaintiffs oppose by presenting their own political expressions.

On May 1, 2013, plaintiffs filed a Motion for Partial Summary Judgment. Succinctly, plaintiffs request partial summary judgment for this Court to determine the right to free speech provided by the Constitution of the United States and Puerto Rico was wrongfully and illegally violated by defendants, that is, that liability as to their claims be determined through partial summary adjudication. (Docket No. 71).

On May 8, 2013, defendants Municipality of Lares and Pagán-Centeno submitted a limited opposition. On May 20, 2013, Pagán-Centeno, in his personal capacity, and joined by other parties, filed his opposition, as well as a response regarding defendants' motions for summary judgment. (Docket Nos. 81, 82 and 83). Plaintiffs then joined, with their

---

[1]   The Court previously dismissed plaintiffs' Fifth amendment claim for plaintiffs did not include any federal defendants in the Complaint. The Court also dismissed plaintiffs' Fourteenth Amendment claim for there is no state law wherein the briefly restricted liberty of a civilian raises to a due process procedural or substantive violation. The Court denied the qualified immunity request of co-defendant Pagán-Centeno which was presented in a Motion to Dismiss. (Docket No. 38, pp.13-15).

Lareños en Defensa del Patrimonio Histórico, Inc., et al.
v. Municipality of Lares, et al.
Civil No. 11-1880 (FAB/CVR)
Report and Recommendation
Page No. 3

opposition to defendants' motions for summary judgment, a reply to defendants' response, making slight reference in their memorandum of law as reasserting "the plan for partial summary judgment." (Docket Nos. 87 and 88). Pagán-Centeno thereafter filed a commingled response. (Docket Nos. 98 and 99).

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Pursuant to the language of the rule, the moving party bears the two-fold burden of showing that there is "no genuine issue as to any material facts," and that he is "entitled to judgment as a matter of law." Vega-Rodríguez v. Puerto Rico Tel. Co., 110 F.3d 174, 178 (1st Cir. 1997).

After the moving party has satisfied this burden, the onus shifts to the resisting party to show that there still exists "a trial worthy issue as to some material fact." Cortés-Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997). A fact is deemed "material" if it potentially could affect the outcome of the suit. Id. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id.

At all times during consideration of a motion for summary judgment, the Court must examine the entire record "in the light most flattering to the non-movant and indulge all

Lareños en Defensa del Patrimonio Histórico, Inc., et al.
v. Municipality of Lares, et al.
Civil No. 11-1880 (FAB/CVR)
Report and Recommendation
Page No. 4

reasonable inferences in the party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994).  There is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood . . . ." Greenburg v. Puerto Rico Mar.  Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987).  In fact, "[o]nly if the record, viewed in [this] manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment." Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir. 1997).

In the present case both parties had filed respective motions for summary judgment, to wit; defendants' Municipality and Mayor Pagan-Centeno in his official capacity and Pagan-Centeno in his personal capacity and herein plaintiffs' motion for partial summary judgment. (Docket Nos. 64, 67 and 70).  This Magistrate Judge already issued a report and recommendation as to defendants' motions for summary judgment.  (Docket No. 100). Although the legal contentions as to similar issues raised may sound repetitive, and were discussed by this Magistrate Judge as to defendants' motions for summary judgment, courts are required to conduct individual assessment of facts for  cross-motions for summary judgment neither alter the basic Rule 56 standard nor warrant the grant of summary judgment. See Garcia-Ayala v. Lederle Parenterals, Inc., 212 F.3d 638 (1st Cir. 2000).  The court must rule on each party's motion on an individual and separate basis, determining, for each side, whether  judgment may be entered in accordance with Rule 56 standard and drawing all inferences in favor of each non-moving party in turn.  D & H Therapy

Lareños en Defensa del Patrimonio Histórico, Inc., et al.
v. Municipality of Lares, et al.
Civil No. 11-1880 (FAB/CVR)
Report and Recommendation
Page No. 5

Associates, LLC v. Boston Mut. Life Ins. Co., 640 F.3d 27 (1ˢᵗ Cir. 2011); Bienkowski v. Northeastern Univ., 285 F.3d 138, 140 (1ˢᵗ Cir. 2002) (citing 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal practice and Procedure § 2720, at 335-36* (3d ed. 1998)).

## UNCONTESTED ISSUES OF FACTS

**A.    Plaintiffs' Uncontested Issues of Facts.**

Individual plaintiffs are part of a non-profit corporation, plaintiff corporation Lareños en Defensa del Patrimonio Histórico, Inc., organized with the purpose of defending and promoting the historical patrimony of the town of Lares. (Docket No. 71, Plaintiffs' Uncontested ¶ 2; Exhibit 1).[2]

Plaintiffs wanted to participate in a march at said "Plaza de la Revolución", a public property owned and managed by the Municipality of Lares, on September 12, 2010 to protest the use by the Mayor of Lares of the town motto "Lares La Ciudad de los Cielos Abiertos" in disregard for the traditional one referring to Lares as "Ciudad del Grito." (Plaintiffs' Uncontested ¶¶ 3, 24-25; Exhibits 1 and 2).

Traditionally and for decades the square has been a place of public expression used by persons for all sorts of political, social, religious and cultural activities to express their views. (*Id.*, ¶¶26-27; Exhibits 1 and 2). To make use of said square, plaintiffs requested permission which was denied. The reasons given to deny use of town square "Plaza de la Revolución" was because another group had already requested permission to use same.

---

[2] Defendants consider this issue uncontested. (Docket No. 99, pp. 2-3).

Lareños en Defensa del Patrimonio Histórico, Inc., et al.
v. Municipality of Lares, et al.
Civil No. 11-1880 (FAB/CVR)
Report and Recommendation
Page No. 6

Still, the only persons who used "Plaza de la Revolución" on such date were a group of artisans who regularly set up a tent of approximately 40 feet by 20 feet in a side of the square to sell their crafts. The square has an area of approximately 10,800 square feet and artisans covered a very small area. On numerous occasions, while artisans are selling their crafts at the square, the Municipality has allowed other activities at the same time. (*Id.*, ¶¶ 28-33, 35; Exhibits 1 and 2).

The Municipality of Lares did not have a set of rules and regulations duly approved and published in regard with the use of public squares and public locations as of September 12, 2010. (Plaintiffs' Uncontested ¶ 34; Exhibit 4).

Plaintiffs also wanted to participate in the parade on November 28, 2010 with a float prepared to promote above traditional town motto and protest the way the Mayor was replacing same. (*Id.*, ¶5; Exhibit 1). Traditionally, a celebration takes place every year in Lares, as in other municipalities in Puerto Rico, to commemorate the patron saint of the town. The Municipality has sponsored, produced and directed such activities for several years. As part of the activities there has been a parade of carriages or floats prepared by residents of Lares and people from other townships. In addition to carriages, people participate on foot or in their own cars, buses or other types of motor vehicles. (*Id.*, ¶¶ 36-41).[3]

---

[3]  Although plaintiffs make no record citation or reference to any exhibit to sustain these averments, defendants' pleading considers same uncontested. (Docket No. 99, ¶¶ 36-41).

Lareños en Defensa del Patrimonio Histórico, Inc., et al.
v. Municipality of Lares, et al.
Civil No. 11-1880 (FAB/CVR)
Report and Recommendation
Page No. 7

As of the date of November 28, 2010, when the parade was to take place, the Municipality of Lares had no regulation to determine who, when and how could one participate in the parade.  (*Id.*, ¶¶ 43-44, 57; Exhibits 2 and 4).

Plaintiffs decided to participate in the parade with a carriage to express their support to the motto and/or namesake of "La Ciudad del Grito" and requested from defendants permission to participate.  The permit was denied for allegedly participants in the parade had to do so with their carriages prepared with decorations and motives of the upcoming Christmas' season. (Plaintiffs' Uncontested ¶¶ 45-47; Exhibit 2).

Plaintiff Yamil Guzmán-González spoke, prior to the parade, with Marilia Arce (hereafter "Arce"), an assistant of the Mayor of Lares, and she told him the Mayor told her not to allow plaintiffs' participation because allegedly they wanted to create a controversy. The carriage of floats was supposed to have decorations of a Christmas' theme for the contest as to the best Christmas' floats or carriages.  (*Id.*, ¶¶ 48-49; Exhibit 1).  Plaintiffs were not interested in participating in the contest and their only interest was to  express their support for "Lares Ciudad del Grito" motto.  The day of the parade other persons participated in vehicles that had nothing to do with the contest.  (*Id.*, ¶¶ 50-52; Exhibit 1).

To comply with the Christmas' theme requirements, plaintiffs adorned their float with poinsettias, the plant traditionally used in Puerto Rico to make flower arrangements for the Christmas' decoration.  Despite their efforts, plaintiffs were not allowed to participate. In prior years when the parade took place no specific requirements were imposed and people could enter with relative ease even in motor vehicles without any

Lareños en Defensa del Patrimonio Histórico, Inc., et al.
v. Municipality of Lares, et al.
Civil No. 11-1880 (FAB/CVR)
Report and Recommendation
Page No. 8

particular type of adornment or decorations. (Plaintiffs' Uncontested ¶¶ 53-56, 62; Exhibits 1 and 2).

Plaintiffs decided to participate in the parade preparing a float with an artistic design making reference to Lares "Ciudad del Grito" as part of their public campaign and expression. Despite denial to participate, plaintiffs prepared their float and attempted to enter the parade through one of the road intersections. Upon arrival to the intersection, the person driving the float was surrounded by municipal police agents who barred entrance of the float to the parade, restricted the liberty of the driver and other participating plaintiffs. These acts of police agents were undertaken under color of authority as police agents and instructions of the Mayor. (*Id.*, ¶¶ 58-61; Exhibits 1 and 2). The municipal police agent who intervened with plaintiffs' movement with the float was agent Molina of the Municipality of Lares. He restricted the movement of plaintiffs and of the carriage with one police vehicle, a motorcycle and with the presence of police officers and made threats to plaintiffs if they moved the carriage into the road where the parade was going to pass. Plaintiff Guzmán-González tried to talk to Agent Molina but he insisted he was there with the instructions of the Mayor through the Police Commissioner of the town not to allow them to move and join the parade. Agent Molina spoke several times over the phone with someone while plaintiffs were there. Plaintiffs were not allowed either to move back and were stopped there for more than 40 minutes. (Plaintiffs' Uncontested ¶¶ 65-68; Exhibit 2).

<u>Lareños en Defensa del Patrimonio Histórico, Inc., et al.</u>
v. Municipality of Lares, et al.
Civil No. 11-1880 (FAB/CVR)
Report and Recommendation
Page No. 9

Plaintiff Guzmán-González assisted two other groups of persons in the preparation of floats that participated in the parade which had nothing to do with the Christmas' theme but poinsettias plants, just as plaintiffs' float.  After the parade, plaintiffs saw a leaflet issued for the parade which invited participants to compete with their floats and the list of prizes.  Plaintiffs never saw the invitation before the parade nor the leaflet.  No one brought it to their attention when requesting permission to participate in the parade. (*Id.,* ¶  64; Exhibits 1 and 2).

Plaintiffs submit having interrupted the statute of limitations,  as to these events, by the submission of a letter to the Mayor of Lares which was answered by the Mayor's attorney.  (Plaintiffs' Uncontested ¶68; Exhibits 4 and 5; Docket No. 88, p. 17, ¶ 63).

Plaintiffs also include with their statement of uncontested facts in support of their motion for partial summary judgment, issues that they deem as contested.  At times, such contested issues contravene with the submissions above, to wit, the Mayor did not engage nor communicated with any of the plaintiffs as to the use or advertisement as to the parade and observed how plaintiff Pérez attempted to place herself before the Mayor at the beginning of the parade or gave instructions regarding the floats and the Mayor never restricted public expression nor instructed the municipal police to interfere with plaintiffs. As contested issues regarding Mayor Pagán-Centeno, plaintiffs assert Arce told Guzmán-González the Mayor told her not to allow plaintiffs' participation in the parade because they

Lareños en Defensa del Patrimonio Histórico, Inc., et al.
v. Municipality of Lares, et al.
Civil No. 11-1880 (FAB/CVR)
Report and Recommendation
Page No. 10

wanted to create a controversy. Evidently, upon plaintiffs considering these issues as contested among the parties, they cannot rely on them to obtain partial summary judgment. (Docket No. 88, pp. 14-15, ¶¶ 22-24, 29, 31, 41, 44-45, and 62).[4]

It is also in controversy that Arce, as part of her duties at the Office of Tourism and Culture of Lares, read the letter requesting permit of September 2, 2010 and informed plaintiff Guzmán-González that Plaza de la Revolución had another activity since it was used every Sunday for artisans' fair until 6:00 pm. It is in controversy that was not the only expression for Arce also stated there was going to be an artistic event by troubadours. (*Id.*, p. 16, ¶ 34).

As another contested issue, plaintiffs submit that Guzmán-González also informed Arce their float's theme was as to "Lares Respects its History" although it had no relation with the Christmas' holidays and were told they could drive their float all over town after the Christmas' parade was over, without a problem. (*Id.*, ¶¶ 40, 42).

Plaintiffs' memorandum of law refers to having established a violation of their right to freedom of speech by government officials and the Municipality of Lares under color of law. Upon absence of any valid rules or regulations for the use of public spaces, defendants have no valid neutral base reason to limit plaintiffs' participation in public spaces at both instances of September 12, 2010 and November 28, 2010. (Docket No. 71, pp. 16-17).

---

[4] Plaintiffs' reply statement of Uncontested and Contested Facts submits a Statement of Facts in Support of Motion for Partial Summary Judgment. (Docket No. 88, pp. 14-15). Pages 14-15 refer to Statement of Material Facts that the Defendants Propose as Uncontested that have Actually Been Contested. Although defendants' opposition refers to plaintiffs having misnumbered everything, their opposition makes similar reference in following those numbers to avoid the Court from having to ferret again through their motion. (Docket No. 99, p. 32).

Lareños en Defensa del Patrimonio Histórico, Inc., et al.
v. Municipality of Lares, et al.
Civil No. 11-1880 (FAB/CVR)
Report and Recommendation
Page No. 11

Plaintiffs also make a passing reference to the lack of regulation under state law jurisprudence constituting estoppel from defendants' justification to excuse their actions.

## B.   Defendants' Uncontested Issues of Facts.

Defendant Pagán-Centeno, joined by the Municipality and as Mayor of Lares, submitted his opposition to plaintiffs' motion for partial summary judgment. Defendants consider uncontested plaintiffs' statements as to ¶¶ 1-2, 4, 6-9, 11-15, 22, 27, 36-41, and 44.

On the remaining issues raised by plaintiffs, defendants contest in part having requested any information to plaintiffs as to the protest or the content of their march or as to the motive to use the "Plaza de la Revolución." (Docket No. 99, Defts' Contested ¶3; Docket No. 68, Exhibits 1, 3-5, and 13). Defendants also contest in part plaintiffs wanting to participate in the parade with a float to oppose the motto, for there is no admissible evidence the Mayor was attempting to replace the town motto of "Ciudad del Grito" with another motto. The motto of "Ciudad de los Cielos Abiertos" was being used, in addition to other mottos traditionally known by the town of Lares which include the following: "Pueblo de Mujeres Hermosas" (City of Beautiful Women), "Pueblo de la Revolución" (Town of the Revolt), "Pueblo de Heroes" (Town of Heroes) and now also popular "Altar de la Patria" (Homeland Shrine). (Defts' Uncontested, ¶ 5; Docket No. 68, Exhibits 3, 6, 7, 8, and 11).

Defendants further contest in part plaintiffs' statement as to the use of the motto "Ciudad de Los Cielos Abiertos" in some of the vehicles of the Municipality but accept such slogan of City of the Open Skies has been placed and used in reference to Lares in different

Lareños en Defensa del Patrimonio Histórico, Inc., et al.
v. Municipality of Lares, et al.
Civil No. 11-1880 (FAB/CVR)
Report and Recommendation
Page No. 12

public settings for years prior to 2010. (*Id.*, ¶ 16). Plaintiff Guzmán-González admitted to seeing said motto on a billboard by the year 2005 and before the 2008 elections.  The Mayor has promoted the motto in public vehicles and signs, but is not the only motto the Mayor has promoted.  The Mayor has not changed the motto but rather has been using additional mottos. (Defts' Uncontested ¶¶ 16-18; Docket No. 68, Exhibit 7; Docket No. 56).

Defendants cannot attest who are the persons that actually oppose the Mayor's actions as perceived by plaintiffs.  Plaintiffs' statement that their opposition has been expressed through a variety of methods, including the internet, is considered misleading. The Mayor has allowed the freedom of speech in Lares, has not restricted any public forum nor the messages and contents or plaintiffs' ideology.  The Mayor has simply not yielded to plaintiffs' demands to post the single motto of "Ciudad del Grito" to describe Lares.  (Defts' Uncontested ¶¶ 19-21; Docket No. 56, Exhibit 1).

The Mayor has not eliminated the use of the motto "Ciudad del Grito" for it has been used in bridges, in other matters of public interest and at the annual marathon of Lares known as "Maratón del Grito."  (Defts' Uncontested ¶¶ 23-24; Docket No. 56; Docket No. 68, Exhibits 1 and 2).

As to the march/event of September 12, 2010, the town square (Plaza de la Revolución) is a public property owned and managed by the Municipality but plaintiffs were never asked, inquired or requested  any information regarding plaintiffs' purpose, content or motives by the Mayor or by order of the Mayor.  (Defts' Uncontested ¶¶ 25-26; Exhibits 3 and 5).

Lareños en Defensa del Patrimonio Histórico, Inc., et al.
v. Municipality of Lares, et al.
Civil No. 11-1880 (FAB/CVR)
Report and Recommendation
Page No. 13

Defendants contest plaintiffs requested permission to use "Plaza de la Revolución" for September 12, 2010.  Their written request was for the use "Plaza de los Patriotas" and plaintiffs filled a document permit and release of the Municipality and the Mayor.  Defendants also consider contested the permission was denied for, upon being told the initial site was being used for an activity on the same date, plaintiffs requested, accepted and used the "Plaza de los Patriotas" and held their activity, which was considered by plaintiffs as a very successful march with hundreds of people gathering there.  (Defts' Uncontested ¶ 28; Exhibits 1 and 2).   There is a prior engagement and an outstanding activity at Municipality at "Plaza de la Revolución" every Sunday with artisans' market at least until 6:00 p.m., which has been promoted and announced by the Municipality.  No one at the Municipality told plaintiffs the prior activity covered the whole "Plaza de la Revolución" nor that plaintiffs could not use the square at all.  Plaintiffs never questioned the size of the area used or not used nor made any suggestions or comments when requesting the permit. (Defts' Uncontested ¶¶ 29-33; Docket No. 68, Exhibits 1, 9, 10, and 12).

Defendants further contest plaintiffs' statement the Municipality had no set of rules and regulations approved and published as to the use of public squares and locations of the Municipality.   Defendants aver there are rules that plaintiffs who contacted the Municipality followed.  Plaintiffs did not request any remedy under Fed.R.Civ.P. 26 or move the Court for said discovery of the regulations to be provided.  (Defts' Uncontested ¶34, Exhibits 1, 4-5 and 13).

Lareños en Defensa del Patrimonio Histórico, Inc., et al.
v. Municipality of Lares, et al.
Civil No. 11-1880 (FAB/CVR)
Report and Recommendation
Page No. 14

Additionally, as to the activity of September 12, 2010, defendants submit on the same date artisans used "Plaza de la Revolución" the number of persons who used same is not relevant for this is the first time plaintiffs are bringing forth their willingness to share the space or that their activity could have been held together with the artisans' market. (Defts' Uncontested ¶35). As to the activity of November 28, 2010, defendants contest plaintiffs' submissions that rules and regulations for use of public property or locations do not exist. Plaintiffs did not request a remedy regarding discovery of said rules and regulations as above stated. To the contrary, the Municipality has an office in charge of conducting the activities, policies for the parade, rules about prizes, has named a committee and personnel to organize the parade, which were contacted by plaintiffs. (Defts' Uncontested ¶¶ 42-43, 57; Docket No. 68, Exhibits 1, 4, 5, 11, 13 and 14).

Defendants oppose plaintiffs' submission they wanted to participate in the parade with a carriage to express their support to the motto "Ciudad del Grito" as a fact admitted by defendants in their Answer to the Complaint. To the contrary, when plaintiffs contacted the Municipality they were told the motif was "Christmas according to my town" and the plaintiffs informed Arce their theme was "Lares Respects its History" with no Christmas theme involved. Plaintiffs did not request permission. Plaintiffs' submission they did not want to participate in the contest is a new version, not revealed at the time of the events, as it is also that the Christmas' holiday theme applied only to those floats that were participating in the contest or that plaintiffs informed defendants about their efforts to be part of the Christmas' motif. To the contrary, the theme of the activity was to start the

Lareños en Defensa del Patrimonio Histórico, Inc., et al.
v. Municipality of Lares, et al.
Civil No. 11-1880 (FAB/CVR)
Report and Recommendation
Page No. 15

holiday traditions of the town and plaintiff Guzmán-González varied his answers and deposition testimony but has no admissible evidence as to co-defendant Pagán-Centeno's participation with plaintiffs' attempts to express their opinion.   Defendants contest plaintiffs were told that once those who were part of the parade with Christmas' motif were finished, they were free to go ahead with their float. (Defts' Uncontested ¶¶ 45-48; Docket No, 68, Exhibits 5 and 14; Docket No. 82, Uncontested Facts by Pagán-Centeno). Defendants finally contest any claim of having intervened with plaintiffs' float is lacking evidence of Pagan-Centeno's participation or his affirmative role in the attempts to intervene with plaintiffs' freedom of expression.  (*Id.*, ¶¶ 49-67).

Defendants submit plaintiffs' allegations are time-barred, outside the one-year limitation period, for these events occurred more than year from the filing of the Complaint. Plaintiff corporation Lareños en Defensa del Patrimonio Histórico, Inc. was incorporated in the year 2011, after the events of September and November 2010 that serve as grounds for plaintiffs' claims and, as such, it lacks standing.  (Docket No. 98, pp. 1-2, ¶¶ 4, 6-7, and 10-12).  Although plaintiffs do not raise any arguments in their motion for partial summary judgment in regards to Pagán-Centeno's individual liability, defendants also contest the existence of evidence that could establish individual participation of defendant Pagán-Centeno and reaffirm their motion for summary judgment as to qualified immunity and individual participation.  (*Id.*, ¶¶ 13-14).

Lareños en Defensa del Patrimonio Histórico, Inc., et al.
v. Municipality of Lares, et al.
Civil No. 11-1880 (FAB/CVR)
Report and Recommendation
Page No. 16

## LEGAL DISCUSSION

**A.    Time Barred.**

Defendants raise in their opposition that plaintiffs' claims should be considered barred upon more than a year transpired as shown by the allegations in the Complaint and the date it was filed.  Plaintiffs submit evidence to contest in that extrajudicial claim was tolled by sending a timely letter to defendants that covers their Section 1983 tort claims. Insofar as the claim being time-barred, the same findings, case law and examination follows here as in the previous Report and Recommendation issued by this Magistrate Judge, which is  herein incorporated as to this issue for which plaintiffs' claims are not considered time barred. (Docket No. 100 , pp.  21-23 ).

**B.    Standing.**

Defendants also contend in their opposition that plaintiff corporation Lareños en Defensa del Patrimonio Histórico, Inc. lacks  standing since said corporation did not exist at the time of the events alleged in the Complaint. The same findings, case law and examination follows here as contained in the previous Report and Recommendation issued by this Magistrate Judge, which is herein incorporated as to this issue.  It has been clearly established and there are no disputed facts that plaintiff corporation did not exist at the time of the events that serve as grounds for plaintiffs' claims of First Amendment violations. The events transpired in September 12, 2010 and November 28, 2010 and plaintiff corporation was created on February 2011.  As such, plaintiff corporation Lareños en Defensa del Patrimonio Histórico, Inc. did not exist when the alleged constitutional rights

Lareños en Defensa del Patrimonio Histórico, Inc., et al.
v. Municipality of Lares, et al.
Civil No. 11-1880 (FAB/CVR)
Report and Recommendation
Page No. 17

were infringed and, as such, lacks standing to submit claims.  (Docket No. 100, pp. 23-25).

## C.    First Amendment Claims.

### 1.    Event of September 12, 2010.

As to the event of September 12, 2010, plaintiffs' claim of violation to their First Amendment right, it is undisputed that plaintiffs' activity was not limited or restricted in any way and plaintiffs were able to hold the same successfully at another public site. Plaintiffs requested permission to use "Plaza de la Revolución" and held their march/activity on the same date at "Plaza de los Patriotas."  The First Amendment does not require the most effective means of communication, but rather that an individual retains the ability to communicate effectively.  Plaintiffs in the instant case were allowed to carry out their activity.  Thus, summary judgment as to a violation of such freedom of expression is not warranted.  City of Renton v. Playtime Theaters, Inc., 475 U.S. 41, 106 S.Ct. 925 (1986) Nor the Constitution guarantees every speaker the forum of his choice.  Heffron v. Int'l Soc. for Krishna Consciousness, 452 U.S. 640, 647, 101 S.Ct. 2559 (1981); Sullivan v. City of Augusta, 511 F.3d 16, 54-55 (1st Cir. 2007).

The determinations of the previous Report and Recommendation, as applicable and relevant, to a First Amendment claim regarding the September 12, 2010 activity are incorporated to this Report and Recommendation.  Thus, plaintiffs are not entitled to partial summary judgment on this issue.  (Docket No. 100, pp. 25-30).

Lareños en Defensa del Patrimonio Histórico, Inc., et al.
v. Municipality of Lares, et al.
Civil No. 11-1880 (FAB/CVR)
Report and Recommendation
Page No. 18

### 2.    Event of November 28, 2010.

Regarding the November 28, 2010 parade, contested issues were raised as to plaintiffs' attempts to participate with their message in public spaces, both with their float and as pedestrians, but were hindered from doing so when municipal police officers and/or municipal employees intervened.   Defendants contest the issue of the existence of regulations in place to obtain permits, the extent of the defendants' role with plaintiffs' float and message, prior knowledge of plaintiffs' message, expression or extent of participation, among others.

Constitutionally protected speech is not accorded a guaranteed forum on all property owned by the government for which the right to use such a property would depend whether the property has by law or tradition been given the status of a public forum or has been reserved for specific official use. *See* Capitol Square Review and Advisory Bd. v. Pinette, 515 S.Ct. 753, 761, 115 S.Ct. 2440, 2446 (1995); Postal Service v. Council of Greenburgh Civic Assns., 453 U.S. 114, 129, 101 S.Ct. 2676, 2685 (1981).

Whether the regulations and policies for the permits of the Municipality of Lares were not produced to plaintiffs because of discovery disputes between the parties, their existence, their application and content-neutral are facts disputed by the parties.[5]   Still, even content-neutral time, place and manner of restrictions regulations may be applied to

---

[5]  For all purposes, defendants and plaintiffs having denied said discovery have not placed this Court in a position to consider regulation as to permits exists, whether it is one neutrally applied or if upon examination and application to the facts would be considered reasonably tailored to the government interest. (Docket No. 88, Plaintiffs' Uncontested ¶¶ 34, 42-43; Docket No. 99, Defts' Uncontested ¶¶ 34, 42-43).

Lareños en Defensa del Patrimonio Histórico, Inc., et al.
v. Municipality of Lares, et al.
Civil No. 11-1880 (FAB/CVR)
Report and Recommendation
Page No. 19

hinder freedom of expression and for any party to rely on same as a defense requires these regulations to be subject to effective judicial review, which is not the present situation. Since there is no possibility of judicial review as to defendants' claimed regulations and, if these are consonant with a content-free permit, a government is considered to violate free speech when it excludes speaker or citizen to a forum he/she would be entitled to enter.

There being genuine issues of material fact in controversy as to the existence of the regulations that could have been applied to plaintiffs, summary disposition regarding the event of November 28, 2010 does not prosper.

In addition, the record contains disputed information raised by plaintiffs as to the following: the parties were previously engaged in legal disputes as to the town mottos for Pagán-Centeno's motto is not "Ciudad del Grito" but instead "Ciudad de los Cielos Abiertos" or other mottos that were used in the alternative; whether Arce told plaintiff Guzmán-González the Mayor did not allow participation of plaintiffs in the parade because they wanted to create a controversy; the municipal police intervention with plaintiffs' float; Agent Molina telling plaintiffs he received orders from the Police Commissioner, the highest ranking officer and who responds directly to Pagán-Centeno; and a municipal police who was observed at the time consulting and receiving instructions by telephone in regards with blocking plaintiffs' participation at the parade.

Summary judgment is not appropriate when there are contested issues of material fact, contradictory testimonies between the parties that require credibility determination or regulations not placed on record nor provided in a timely fashion to opposing parties.

Lareños en Defensa del Patrimonio Histórico, Inc., et al.
v. Municipality of Lares, et al.
Civil No. 11-1880 (FAB/CVR)
Report and Recommendation
Page No. 20

It is defendant Pagán-Centeno's averment in the opposition that plaintiffs have no evidence showing any action by said defendant to deter any of the plaintiffs from exercising their freedom of speech.  Plaintiffs' motion for partial summary judgment does not include any discussion in regards with Pagán-Centeno's personal liability.  It is uncontested that defendant Pagán-Centeno was not involved or had any affirmative role in the alleged denial, and even if so, was not on account of his personal capacity.   Since plaintiffs have not raised any issue as to co-defendant Pagán-Centeno, this Magistrate Judge sees no reason or need to delve further in regard with co-defendant Pagán-Centeno's personal capacity liability for issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation are deemed waived.  United States v. Fox, 393 F.3d 52, 61 n. 10 (1st Cir. 2004).[6]

Even if not considered waived and in the alternative, the same findings, case law and examination follows here as contained in the previous Report and Recommendation of this Magistrate Judge in which summary judgment was recommended as to Mayor Pagán-Centeno, in his personal capacity, for lack of individual participation and under qualified immunity. (Docket No. 100, pp. 34-43).

In view of the above, plaintiffs cannot prevail in their request for partial summary disposition as to defendants' liability for same is hinged on disputed material facts which remain as triable issues.

---

[6] Similarly, plaintiffs have not presented any discussion in regards with supplemental state claims.

<u>Lareños en Defensa del Patrimonio Histórico, Inc., et al.</u>
v. Municipality of Lares, et al.
Civil No. 11-1880 (FAB/CVR)
Report and Recommendation
Page No. 21

## CONCLUSION

Having considered the contested facts regarding plaintiffs' motion for partial summary judgment and cognizant that the record must be considered in the light most favorable to the party opposing summary judgment,[7] it is recommended that plaintiffs' Motion for Partial Summary Judgment be DENIED. (Docket No. 70).

IT IS SO RECOMMENDED.

**Since the Court has already scheduled a Pretrial Conference in this case for August 9, 2013 and Jury Trial is set for August 26, 2013, the period of time to file any opposition to this Report and Recommendation needs to be reduced. As such, the parties are granted until July 29, 2013 to file their simultaneous opposition, if any, unless they first seek and obtain an extension of time from the Presiding District Judge.**

San Juan, Puerto Rico, this 18th day of July of 2013.

S/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ RIVE
UNITED STATES MAGISTRATE

---

[7] <u>Buenrostro v. Collazo</u>, 973 F.2d 39, 41 (1st Cir. 1992); <u>Santoni v. Federeal Deposit Insurance Corp.</u>, 677 F.2d 174, 177 (1st Cir. 1982).